Milligan, J.,
delivered tbe opinion of tbe Court.
In 1866, tbe plaintiff brought ber action in tbe Circuit Court of Henderson County, on tbe following obligation, viz:
“$1,100.00.
“On or before tbe 15th day of October, eighteen hundred and sixty-two, we, or either of us, promise to pay Duncan McMillan and Rebecca McMillan, bis wife, *264 eleven hundred dollars, the last payment for their land, bought by Jesse W. Mason. This 3d December,. 1860.
“J. W. MasoN, [Seal.]
"J. E. Sherell, [Seal.]”
The declaration makes proferí of the obligation, and avers that the plaintiff’s co-obligee, Duncan McMillan, was her husband, and that he is dead — having died since the execution of the instrument sued on — leaving her as his widow, surviving him. The ordinary breaches are assigned, and the defendants appear and demur to the declaration, setting down, among other, things which • it is unnecessary to notice, as cause of special demurrer, that as the obligation sued on was executed' jointly to Duncan McMillan and his wife, Rebecca, she could not sue thereon, without joining the personal representative of her husband.
The Circuit Judge sustained the demurrer, and dismissed the suit; from which the plaintiff has prosecuted an appeal in error, to this Court.
It is a well settled doctrine, that, on the marriage of a feme sole, her sole and absolute property in personal chattels in possession, vests instantly in her husband: Brown vs. Brown, 6 Hum., 129. But it has never been held that the wife’s anti-nuptial choses in action, on her marriage, ipso facto, vested in the husband. Her right to hold such choses in action against her husband’s representative, by survivorship, is not extinguished without some positive act of reduction into possession by her husband in his life-time: Rose vs. Whorton, 10 Yer., 190-195.
But this obligation is not an ante-nuptial contract *265 or agreement. It was executed to the husband and wife during the coverture of the wife; and, as shown upon the face of the obligation for the “last payment of their land, bought by Jesse W. Mason, etc.” The plaintiff, as the wife of Duncan McMillan, deceased, is shown by the terms of the obligation, to have a beneficial interest in it; and the defendants have treated her and herj husband in his life time, as their creditors; and expressly promised to pay, jointly, to them, the amount of the obligation.
But, it is insisted that, notwithstanding the obligation was executed in part consideration for the wife’s interest in the land mentioned in the note, that the sale of the land, and execution of the obligation for the purchase money, was such a reduction of the proceeds of the sale into the possession of the husband, that the right of action, after the husband’s death, did not survive to the wife.
In the case of Chester vs. Greer, 5 Hum., 26, the Court, while discussing a question somewhat analogous to the one under consideration, say: “If the wife consents to the sale of her real estate, and joins her husband in a conveyance of it, made according to the forms of law, without an understanding or agreement that the proceeds are to be held or vested for her use, or that she is to be remunerated out of the estate of her husband, all her interest in the estate is gone, and the husband holds the consideration for which it was sold in his own absolute right, discharged from any claim of hers, paramount to his.” But the rule is otherwise when there is any agreement or understanding *266 between tbe busband and the wife, that compensation should be made to the wife, or that the husband should be regarded as her debtor, for the proceeds of her proportion of the land sold and conveyed by them: Ex parte Yarborough et al., 1 Swan, 202.
In this case, as we have seen, the wife, as evidenced by the face of the obligation itself, has an interest in the proceeds of the sale, which the husband did not, in his life time, attempt, by suit or otherwise, to reduce to his possession; and, in such a case, we think it clear upon authority, the right of action survives to the wife after the death of the husband.
In the case of Cappin vs.-, 2 Pierre Williams, 495, upon objection being made that a bond to a husband and wife during coverture, on the husband’s dying first, did not survive to the wife, “The Lord Chancellor denied this, and reete, for clearly,” said he, “it does survive to the wife, as all other joint choses m action do; though it is true, in this case, the husband may disagree to the wife’s right to it, and bring the action on the bond in his own name only; but, till such disagreement, the right to the bond is in both the husband and the wife, and shall survive.”
The same doctrine, under circumstances almost entirely similar to the case now under consideration, is announced in the case of Draper vs. Jackson, 16 Mass., 480. See also, 1 Chitty’s Pleadings, p. 30, mar., and note 2; Executors of Shoomaker vs. Elmendorf, 10 John. R., 48; 2 Redfield on Wills, 177, sec. 26, sub-sec. 5. Also, 1 Story on Contracts, secs. 92, 93, and note 5.
*267 It results, therefore, that the Circuit Judge erred in sustaining the demurrer, for which the judgment must be reversed and the cause remanded.